Christopher M. Farella, Esq.
Steven T. Passarella, Jr., Esq.
**Epstein Becker & Green, P.C.**
875 Third Avenue
New York, New York 10022
(212) 351-4500 (Telephone)
(212) 878-8600 (Facsimile)
Attorneys for Plaintiff
Restorix Health, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RESTORIX HEALTH, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SALEM COUNTY HOSPITAL CORPORATION d/b/a SALEM MEDICAL CENTER,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Restorix Health, Inc.("Restorix" or "Plaintiff"), through its counsel Epstein Becker & Green, P.C., by way of Complaint against Defendant, Salem County Hospital Corporation d/b/a Salem Medical Center ("Salem" or "Defendant") hereby states as follows:

## **THE PARTIES**

1.    Restorix is a for-profit corporation organized and validly existing under the laws of the State of Nevada with a principal place of business at all times relevant to this complaint located at 445 Hamilton Avenue, Suite 800, White Plains, New York 10601. Its current principal place of business

is located at 3445 N Causeway Blvd., Suite 600, Metairie, Louisiana 70002. Restorix provides equipment, administrative services and certain professional staff to health care providers that furnish wound care and hyperbaric oxygen therapy treatment ("HBO Treatment").

2.   Salem is a Non-profit corporation organized and validly existing under the laws of the State of New Jersey with a principal place of business located at 310 Woodstown Road, Salem, New Jersey 08079.

### JURISDICTION AND VENUE

3.   The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Specifically, Plaintiff Restorix is a citizen of the States of Nevada and New York, and Defendant Salem is a citizen of the State of New Jersey.

4.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of the State of New Jersey.

### FACTS COMMON TO ALL COUNTS

5.   Restorix and Salem entered into an Administrative Services and Professional Staff Agreement ("Agreement" or "ASA") on March 1, 2019. A true and accurate copy of the ASA is attached hereto as Exhibit A.

6.    Under the ASA, Restorix agreed to provide and install CWC Equipment and facilitate operation and maintenance of a comprehensive wound care facility ("CWC Facility") at Salem. Restorix also agreed to assist Salem with billing and collection services relating to treatment provided at the CWC facility. (Ex. A).

7.    Pursuant to Section 3.1 of the ASA, Salem agreed to pay Restorix a fee equal to a percentage of the amounts collected by Salem for treatments administered to patients at the CWC Facility as set forth in the Payment Schedule in Exhibit C of the ASA. (Ex. A, § 3.1).

8.    Salem agreed to pay Restorix a service fee equal to 70% percent of all amounts it collected for wound care treatments administered to patients at the CWC Facility, effective as of the first date a wound care treatment is administered. Salem's fee for each wound care treatment would be reduced to 65%, effective on the first date a HBO Treatment is administered. (Ex. A, Exhibit C Services Fee).

9.    Additionally, for each HBO Treatment administered at the CWC Facility, Salem agreed to pay Restorix a service fee equal to 65% per HBO Treatment of all amounts collected by Salem. (Id.).

10.   Pursuant to Section 3.2 of the ASA, all service fees during a particular month were due and payable on the thirtieth

3

(30th) day following the end of such month. Salem agreed to remit payment to Restorix for all service fees and other amounts invoiced on or before their respective due dates. (Ex. A, § 3.2).

11.  Any amounts not paid when due accrued simple interest at the Default Rate, defined as the lesser of twelve (12) percent per annum; and the maximum legal rate of interest chargeable by Restorix. (Ex. A, § 1.1).

12.  Pursuant to Section 10.3(A), the ASA may be terminated by either Party for a material breach of any obligations under the Agreement if such breach remains uncorrected for a period of thirty (30) days after the receipt of written notice setting forth in detail the nature of the breach. (Ex. A, § 10.3(A)).

13.  On June 1, 2021, Restorix and Salem amended the ASA ("First Amendment"). A true and accurate copy of the First Amendment is attached hereto as Exhibit B.

14.  Specifically, Section 3.1 of the ASA was amended and restated as follows: "[I]n consideration for all CWC Administrative Services rendered by [Restorix] pursuant to this Agreement, [Salem] shall pay [Restorix] a fixed fee for Treatments administered to Patients at the CWC Facility as set forth in Exhibit C." (Ex. B, § 3(b)).

15.  The Payment Schedule set forth in Exhibit C of the ASA was amended and restated as follows: "For each HBO Treatment

4

administered at the CWC Facility, [Salem] shall pay [Restorix] a fixed fee of Ninety-Five Dollars ($95.00) per HBO Segment. For each Wound Care Treatment administered at the CWC Facility, [Salem] shall pay [Restorix] a fixed fee of Two Hundred Ninety-Five Dollars ($295.00)." (Ex. B, § 3(d)).

## SALEM HAS BREACHED THE ASA

### Outstanding Balance Owed to Plaintiff

16.  Restorix supplied CWC Equipment, administrative services, and professional staff to Salem as contemplated by the ASA and First Amendment.

17.  Salem accepted the CWC Equipment, administrative services, and professional staff from Restorix that was necessary to the operation of a CWC Facility within Salem, without any objections to same. Nevertheless, it repeatedly failed to satisfy its payment oblations under Section 3.2 of the ASA.

18.  Salem partially paid the April 1, 2021 invoice issued by Restorix. Salem has not paid any invoice issued since that date. Despite this repeated failure to pay balances that were owed, Restorix continued to provide services under the ASA and attempted to work with Salem in good faith to resolve these balances.

19.  On December 28, 2021, after the contractually agreed-upon date for Salem to make payment to Restorix had once again

5

expired without payment having been made, Restorix sent a Breach of Contract; Demand for Payment of Overdue Accounts notice (the "Breach Notice") as required by Section 10.3(A) of the ASA. A true and accurate copy of the Breach Notice is attached hereto as Exhibit C.

20.   At this time, Salem had not paid Restorix any compensation for over ten (10) months, while Restorix had continued to provide services under the ASA.

21.   The Breach Notice advised Salem that if payment is not received in full on or prior to the Payment Date of January 27, 2022, Restorix will consider the breach uncured and may exercise any and all remedies available under the ASA. (Ex. C).

22.   The ASA provides that, in the event of an uncured breach, Restorix's remedies may include, without limitation, terminating the Agreement, ceasing to provide services, removing all of Plaintiff's equipment, employees and supplies, and pursuing legal action to collect all unpaid amounts due, together with attorney's fees and other damages incurred due to Salem's breach. (Ex. C; Ex A, § 3.2, § 10.3(A), § 10.5 and § 13.9).

23.   As set forth in the Breach Notice, Restorix made numerous attempts to collect the outstanding balance from Salem. (Ex. C). Despite these attempts, Plaintiff's outstanding balance remains unpaid.

6

24. On March 1, 2022, Restorix sent Salem a Termination and Demand Notice ("Termination Notice"). A true and accurate copy of the Termination Notice is attached hereto as Exhibit D.

25. Restorix elected to terminate the parties' Agreement pursuant to Section 10.3(a) of the ASA, effective as of March 11, 2022. The Termination Notice provided that unless Restorix received payment of the entire unpaid outstanding balance by March 8, 2022, Restorix would proceed with terminating the Agreement due to Salem's uncured breach. (Ex. D).

26. Salem made no payments following either the Breach Notice or the Termination Notice.

27. To date, and as a result of Defendant's breach of its agreement with Restorix, Salem continues to owe Restorix a combined total of $582,315.18. A true and accurate summary chart of the outstanding invoices are attached hereto as Exhibit E.

**Solicitation of Restorix Employees**

28. In further breach of the parties' Agreement, Salem hired two nurses from Restorix in violation of the Non-Solicitation provision in Section 9.9 of the ASA. (Ex. A, § 9.9).

29. Section 9.9 of the ASA states:

"[Salem] agrees that during the term of this Agreement and, so long as this Agreement is not terminated by [Salem] based upon a breach by [Restorix], for a period of one (1) year following the expiration or termination of this Agreement, it shall not directly or indirectly

7

(a) solicit, (b) employ (whether as an employee, consultant, independent contractor or otherwise) or (c) otherwise agree to compensate or compensate for services any Person who (i) is, or within one (1) year prior to any such solicitation, employment or agreement, has been, an employee of [Restorix] or (ii) is, or within one (1) year prior to any such solicitation, employment or agreement, has been, a member of the Staff provided by [Restorix] pursuant to Section 4.1 hereof . . . .

30.  Salem unlawfully solicited Restorix employees in direct violation of the parties' Agreement. Upon information and belief, these nurses continue to provide services at the wound care center that are identical to the services provided while employees of Restorix.

### The CWC Equipment

31.  In further breach of the parties' Agreement, Salem has actively prevented Restorix from removing its CWC Equipment from the CWC Facility in direct violation of Sections 9.5 and 10.5 of the ASA. (Ex. A, § 9.5 and § 10.5).

32.  Section 9.5 of the ASA provides that: "[Salem] agrees that it shall not take any action to encumber any CWC Equipment or other property of [Restorix]." (Ex. A, § 9.5).

33.  Furthermore, Section 10.5 of the ASA provides that: "Upon termination of this Agreement, [Restorix], at its sole cost and expense, shall promptly remove all of its property from the CWC Facility, including the CWC Equipment." (Ex. A, § 10.5).

34.  Restorix informed Salem that it would be removing its Hyperbaric Chamber from the CWC Facility on March 11, 2022. This

8

equipment is very heavy and requires a special moving company to remove it. On that same date, the Regional Director for Restorix was informed that security personnel had been posted under the direction of Salem's CFO to prevent Restorix from retrieving their Hyperbaric Chamber.

35.   Restorix attempted to remove its equipment from Salem on March 11, 2022, but was denied entry by Defendant's security personnel. The security personnel informed Restorix that it would not be allowed to remove its lawfully owned property and equipment from Salem without a court order.

36.   After wrongfully and unlawfully prohibiting Restorix from removing its own equipment, the Chairman of the Board of Directors for Salem informed Restorix representatives of Salem's intention to keep the equipment until Salem's anticipated merger with Inspira becomes effective.

37.   The Chairman specifically represented to Restorix that if Restorix pulled the Hyperbaric Chamber it would jeopardize the licensing of the CWC Facility, which is required for Salem to close on the deal with Inspira.

38.   Restorix has made multiple good faith efforts to obtain payment of the outstanding balance and removal of their property without court intervention, but it is clear that Salem has not reciprocated any dealings in good faith with Restorix.

9

## COUNT I
### (Breach of Contract)

39.   Restorix repeats and re-alleges each of the preceding paragraphs as if set forth fully herein.

40.   The ASA, as amended by the First Amendment, is a valid and enforceable contract.

41.   In complete and willful violation of Section 3.2 of the ASA, Salem has failed to make timely payment for services and equipment it contracted for under the ASA.

42.   Salem has failed to make payment to Restorix on seventeen invoices, for which Salem owes an outstanding balance in the total amount of $582,315.18.

43.   Restorix has also incurred attorneys' fees and costs as a result of Salem's breach of the ASA, to which it is entitled under Section 13.9 of the ASA.

44.   As a direct result of Salem's failure to abide by the ASA and its anticipated continued failure to abide by the ASA, Restorix has suffered and will suffer irreparable harm and substantial damages in excess of $582,315.18.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant, together with damages, fees, expenses, interest and all other relief deemed appropriate and just.

<u>**COUNT II**</u>
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

45.   Restorix repeats and re-alleges each of the preceding paragraphs as if set forth fully herein.

46.   The contract between Restorix and Salem contains an implied covenant of good faith and fair dealing.

47.   Through Salem's improper and wrongful conduct, Defendant has materially breached the implied covenant of good faith and fair dealing contained in its contract with Restorix, and has deprived Restorix of the benefit of its bargain.

48.   Salem's refusal to satisfy the outstanding balance owed, and continued refusal to allow Restorix access to remove its CWC Equipment is being done in bad faith.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant, together with damages, fees, expenses, interest and all other relief deemed appropriate and just.

<u>**COUNT III**</u>
**(Account Stated)**

49.   Restorix repeats and re-alleges each of the preceding paragraphs as if set forth fully herein.

50.   The ASA, as amended by the First Amendment, is a valid and enforceable contract.

51.   Pursuant to the ASA, as amended, Salem was to remit payment for the goods and services provided by Restorix. Restorix provided the goods and services and has demanded

11

payment. To date, Salem has failed to make payment to Restorix on seventeen invoices, for which Salem owes an outstanding balance in the total amount of $582,315.18. (Ex. E).

52.   To date, Salem has neither disputed the seventeen invoices, nor made any additional payments towards them.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the reasonable value of services rendered together with interest, attorneys' fees and costs of suit.

### COUNT IV
### (Breach of Contract)

53.   Restorix repeats and re-alleges each of the preceding paragraphs as if set forth fully herein.

54.   The ASA, as amended by the First Amendment, is a valid and enforceable contract.

55.   At all times relevant, Salem was contractually obligated to refrain from soliciting Restorix employees pursuant to Section 9.9 of the ASA.

56.   Salem solicited and hired two Restorix nurses in willful violation of Section 9.9 of the ASA.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant, together with damages, fees, expenses, interest and all other relief deemed appropriate and just.

FIRM:55873310v2

<u>COUNT V</u>
(Replevin, N.J.S.A. 2B:50-1)

57.   Restorix repeats and re-alleges each of the preceding paragraphs as if set forth fully herein.

58.   Since April 28, 2006, Restorix has been the lawful owner of the Hyperbaric Chamber that was provided to Salem in accordance with the terms of the ASA. A true and accurate original invoice evidencing Restorix's purchase of the Hyperbaric Chamber is attached hereto as Exhibit F.

59.   Upon information and belief, the Hyperbaric Chamber remains located at Salem's facility and within Salem's possession.

60.   As a result of Salem's breach, Restorix elected to terminate the parties' Agreement pursuant to Section 10.3(a) of the ASA, effective as of March 11, 2022.

61.   Section 10.5 of the ASA provides that: "Upon termination of this Agreement, [Restorix], at its sole cost and expense, shall promptly remove all of its property from the CWC Facility, including the CWC Equipment." (Ex. A, § 10.5).

62.   Section 9.5 of the ASA further provides that: "[Salem] agrees that it shall not take any action to encumber any CWC Equipment or other property of [Restorix]. (Ex. A, § 9.5).

63.   As set forth above, Salem is wrongfully in possession of Restorix's CWC Equipment.

64.   Despite demand, Salem has refused to allow Restorix to remove its CWC equipment and wrongfully detained Plaintiff's equipment.

65.   Restorix is now seeking replevin of its CWC Equipment pursuant to N.J.S.A. 2B:50-1.

**WHEREFORE**, Plaintiff seeks an Order of Replevin from this Court granting Restorix possession of the CWC Equipment, together with damages for their unlawful detention, fees, expenses, interest and all other relief deemed appropriate and just.

> **EPSTEIN BECKER & GREEN, P.C.**
> Attorneys for Plaintiff
> Restorix Health, Inc.
>
>
> By:_
>       CHRISTOPHER M. FARELLA
>                 For the Firm

Dated:  May 9, 2022

14

## DEMAND FOR JURY TRIAL

Plaintiff Restorix Health, Inc. hereby demands a jury trial on all issues so triable.

<div style="margin-left:40%">

**EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Plaintiff
Restorix Health, Inc.

By:_
CHRISTOPHER M. FARELLA

</div>

Dated:  May 9, 2022

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any action pending in this Court or any other court, arbitration, or administrative proceeding.

<div style="margin-left:40%">

**EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Plaintiff
Restorix Health, Inc.

By:_
CHRISTOPHER M. FARELLA

</div>

Dated:  May 9, 2022

FIRM:55873310v2