Christopher M. Farella, Esq.
Steven T. Passarella, Jr., Esq.
**EPSTEIN BECKER & GREEN, P.C.**
875 Third Avenue
New York, New York 10022
(212) 351-4500 (Telephone)
(212) 878-8600 (Facsimile)
Attorneys for Plaintiff
Restorix Health, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RESTORIX HEALTH, INC., | Civil Action No. 1:22-cv-02712-RBK-AMD |
| Plaintiff, | |
| v. | |
| SALEM COUNTY HOSPITAL CORPORATION d/b/a SALEM MEDICAL CENTER, | Motion Date: June 21, 2022 |
| Defendants. | |

## PLAINTIFF RESTORIX HEALTH, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR WRIT OF REPLEVIN

1

## **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ........................................................................1

II. STATEMENT OF FACTS ................................................................................1

III. LEGAL ARGUMENT.......................................................................................5

IV. CONCLUSION..................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baron v. Peoples Nat'l Bank*,
    9 N.J. 249 (1952) ..................................................................................................7

*Gen. Elec. Capital Corp. v. Oncology Assocs. of Ocean Cty. LLC*,
    Civil No. 10-1972(AET), 2011 WL 6179255 (D.N.J. Dec. 12,
    2011) .....................................................................................................................7

*Hunt v. Chambers*,
    21 N.J.L. 620 (E. & A. 1845) ...............................................................................7

*Mandelbaum v. Weiss*,
    11 N.J. Super. 27 (App. Div. 1950) ......................................................................7

*Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*,
    275 F. Supp. 2d 543 (D.N.J. 2003) .......................................................................7

*VW Credit, Inc. v. CTE2, LLC*,
    No. 2:19-CV-19523-CCC-ESK, 2019 WL 6649381 (D.N.J. Dec. 6,
    2019) .....................................................................................................................6

**Statutes**

N.J.S.A. 2B:50-1 ..........................................................................................................6

N.J.S.A. 2B:50-2 ..........................................................................................................6

**Rules**

Fed. R. Civ. P 64 .....................................................................................................1, 5

N.J. Ct. R. 4:61-1 ........................................................................................................6

Plaintiff Restorix Health, Inc. ("Restorix" or "Plaintiff"), by and through its undersigned counsel, submits this Memorandum of Law in Support of its Motion for Writ of Replevin.

## I.     PRELIMINARY STATEMENT

Restorix respectfully requests that this Court issue a Writ of Replevin pursuant to Federal Rule of Civil Procedure 64, N.J.S.A. 2B:50-1 and 2B:50-2, for the return of comprehensive wound care equipment ("CWC Equipment"), legally owned by Plaintiff and currently situated on property owned and operated by Defendant Salem County Hospital Corporation ("Salem" or "Defendant"). Specifically, Plaintiff is seeking the immediate removal and return of its Sigma 34 hyperbaric oxygen chamber ("HBO Chamber"). Salem is in unlawful possession of the HBO Chamber and has unreasonably and without legal right prevented Plaintiff from retrieving its property.

## II.     STATEMENT OF FACTS[1]

This action arises out of the termination of an Administrative Services and Professional Staff Agreement ("Agreement" or "ASA") that was entered into by Restorix and Salem on March 1, 2019. A true and accurate copy of the ASA is attached to the Certification of Patrick Seiler as Exhibit A. The ASA was amended

---

[1] The following facts are further detailed and supported in Plaintiff's Complaint, which Plaintiff expressly incorporates by reference herein. *See* Plaintiff's Complaint (ECF No. 1).

1

on June 1, 2021.  A true and accurate copy of the Amendment is attached to the Certification of Patrick Seiler as Exhibit B.

Under the ASA and the Amendment, Restorix agreed to provide and install CWC Equipment and facilitate operation and maintenance of a comprehensive wound care facility ("CWC Facility") at Salem.  In return, Salem agreed to pay Restorix a service fee as set forth in the Payment Schedule in Exhibit C of the ASA and Section 3 of the Amendment.  *See* Seiler Cert. (May 9, 2022) Ex. A, § 3.1; Ex. B, § 3.  Pursuant to Section 3.2 of the ASA, all service fees during a particular month were due and payable on the thirtieth (30th) day following the end of such month.  *See* Seiler Cert. (May 9, 2022) Ex. A, § 3.2.

As detailed in the Complaint, Salem repeatedly failed to satisfy its payment obligations under the Parties' Agreement.  *See* Complaint ¶ 16-27 (ECF No. 1). Pursuant to Section 10.3(A), the ASA may be terminated by either Party for a material breach of any obligations under the Agreement if such breach remains uncorrected for a period of thirty (30) days after the receipt of written notice setting forth in detail the nature of the breach.  *See* Seiler Cert. (May 9, 2022) Ex. A, § 10.3(A).

In accordance with Section 10.3(A), Restorix sent a Breach of Contract; Demand for Payment of Overdue Accounts Notice ("the Breach Notice") to Salem on December 28, 2021.  A true and accurate copy of the Breach Notice is attached

2

to the Certification of Patrick Seiler as Exhibit C.  After the outstanding balance remained unpaid, Restorix sent Salem a Termination and Demand Notice ("Termination Notice") on March 1, 2022.  A true and accurate copy of the Termination Notice is attached to the Certification of Patrick Seiler as Exhibit D.

Salem failed to make any payments following either the Breach Notice or Termination Notice.  Restorix therefore elected to terminate the parties' Agreement pursuant to Section 10.3(A), effective as of March 11, 2022.  To date, Salem continues to owe Restorix a combined total of $582,315.18.  A true and accurate summary chart of the outstanding invoices are attached to the Certification of Patrick Seiler as Exhibit E.

As a result of Salem's breach, Restorix is entitled to remove its medical equipment from Salem's CWC Facility in accordance with the ASA.  Section 10.5 of the ASA provides that: "Upon termination of this Agreement, [Restorix], at its sole cost and expense, shall promptly remove all of its property from the CWC Facility, including the CWC Equipment." *See* Seiler Cert. (May 9, 2022) Ex. A, § 10.5.  Furthermore, Section 9.5 of the ASA provides that: "[Salem] agrees that it shall not take any action to encumber any CWC Equipment or other property of [Restorix]." *See* Seiler Cert. (May 9, 2022) Ex. A, § 9.5.  Despite these clear and unequivocal terms, Salem has actively prevented Restorix from removing its CWC Equipment.

Restorix provided Salem with a Sigma 34 hyperbaric oxygen chamber ("HBO Chamber"), as depicted in Exhibit B attached to the ASA. *See* Seiler Cert. (May 9, 2022) Ex. A. Restorix is the lawful owner of the HBO Chamber, Serial No. 320747. A true and accurate original purchase invoice and photographs taken at Salem's facility are attached to the Certification of Patrick Seiler as Exhibit F. On November 24, 2020, the HBO Chamber was delivered to Salem's facility located at 310 Woodstown Road, Salem, New Jersey 08079. A true and accurate moving company invoice reflecting delivery is attached to the Certification of Patrick Seiler as Exhibit G. At all relevant times, the HBO Chamber passed inspections that were conducted at Salem's CWC Facility. True and accurate copies of inspection certificates are attached to the Certification of Patrick Seiler as Exhibit H.

Salem did not acquire any title to the HBO Chamber—its rights to possess or use the Chamber were dependent upon satisfying its obligations under the ASA. As a result of Salem's subsequent breach, Salem lost its right to use or possess the HBO Chamber and became obligated to return the Chamber to Restorix. Title to the HBO Chamber at all times remained in Restorix.

As set forth in the Certification of Patrick Seiler and amplified in the Complaint, Restorix informed Salem that it would be removing the HBO Chamber from Salem's CWC Facility on March 11, 2022. Plaintiff arrived with its moving

company to remove the Chamber on that date but was denied entry into the facility by Salem's security personnel. Defendant's security personnel informed Restorix that it would not be allowed to remove its lawfully owned property and equipment from Salem without a court order. *See* Seiler Cert. (May 9, 2022) ¶ 15-27.

Restorix contacted representatives of Salem in an attempt to amicably resolve the issue. However, the Chairman of the Board of Directors for Salem informed Mr. Seiler that Salem would not allow Restorix to remove its HBO Chamber because it would jeopardize Salem's anticipated merger with Inspira Health. Despite multiple good faith efforts by Restorix to remove its HBO Chamber without court intervention, Salem continues to unlawfully possess the HBO Chamber and prohibit Restorix from removing same. *Id.* at ¶ 21-27.

### III.    LEGAL ARGUMENT

#### A. This Court Possesses the Authority to Issue a Writ of Replevin Pursuant to N.J.S.A. 2B:50-1 and 2B:50-2 through Fed. R. Civ. P. 64.

Restorix is entitled to a Writ of Replevin under Federal Rule of Civil Procedure 64 for the return of its property. Federal Rule of Civil Procedure 64(a) states that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Further, "Federal Rule of Civil Procedure 64(b) allows for replevin in accordance with the replevin procedures applicable under New Jersey state law."

*VW Credit, Inc. v. CTE2, LLC*, No. 2:19-CV-19523-CCC-ESK, 2019 WL 6649381 at *1 (D.N.J. Dec. 6, 2019).  Accordingly, this Court may apply New Jersey state law in issuing a Writ of Replevin to Plaintiff in this matter.

In New Jersey, N.J.S.A. 2B:50-1, N.J.S.A. 2B:50-2, and Rule 4:61-1 govern the issuance or a Writ of Replevin.  N.J.S.A. 2B:50-1 expressly states that "[a] person seeking recovery of goods wrongfully held by another may bring an action for replevin . . . [and] if the person establishes the cause of action, the court shall enter an order granting possession."  Moreover, N.J.S.A. 2B:50-2 provides that:

> If the court, after notice and hearing, and based upon filing papers and testimony, if any, finds a probability of final judgment for the plaintiff, it may, prior to final judgment:
>
> a. grant possession of the goods to the plaintiff; or
>
> b. order other just relief.

New Jersey Court Rule 4:61-1 is the mechanism through which a party obtains relief under N.J.S.A. 2B:50-2.  Pursuant to this rule, a plaintiff seeking a Writ of Replevin is entitled to be heard on shortened notice.  *See* N.J. Ct. R. 4:61-1.  A court may order a hearing "on no less than three days' notice to the party in possession of the chattels . . . ."  N.J. Ct. R. 4:61-1.  Rule 4:61-1 echoes the standard set forth in N.J.S.A. 2B:50-2—that relief may be granted by showing "a probability that final judgment will be rendered in favor of the movant."  *See* N.J. Ct. R. 4:61-1(a).

This Court possesses the authority to issue a Writ of Replevin pursuant to Fed. R. Civ. P. 64, N.J.S.A. 2B:50-1, N.J.S.A. 2B:50-2, and N.J. Ct. Rule 4:61-1. *See, e.g.*, *Gen. Elec. Capital Corp. v. Oncology Assocs. of Ocean Cty. LLC*, Civil No. 10-1972(AET), 2011 WL 6179255, at *4 (D.N.J. Dec. 12, 2011); *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 275 F. Supp. 2d 543, 576 (D.N.J. 2003); *Yamaha Motor Fin. Co., U.S.A. v. ML Country Club LLC*, No. 1:20-cv-04696-NLH-JS, 2020 WL 7334189 (D.N.J. Dec. 14, 2020). Accordingly, relief is warranted under the circumstances to facilitate the orderly removal of the HBO Chamber from Salem, and the Court is authorized to grant such relief on this Motion. *See* N.J.S.A. 2B:50-2(a)-(b) (the Court may "grant possession of the goods to the plaintiff or order other just relief").

### B. Restorix Has Established a Probability That Judgment will be Rendered in its Favor and is Entitled to Possession of the HBO Chamber Pending Final Judgment.

To succeed in a replevin action, the burden is on Plaintiff to establish absolute ownership and right to the possession of the property. *Mandelbaum v. Weiss*, 11 N.J. Super. 27, 30-31 (App. Div. 1950); *see also Hunt v. Chambers*, 21 N.J.L. 620, 623 (E. & A. 1845) ("To maintain replevin, the plaintiff must have the right of exclusive possession to the goods in question."). Notably, "[w]hen one has wrongfully detained property and refused it on demand he is liable in an action in replevin [.]" *Baron v. Peoples Nat'l Bank*, 9 N.J. 249, 257 (1952).

The facts herein establish that Salem is in unlawful possession of the HBO Chamber and is actively preventing Restorix from regaining possession of its lawfully owned property.  The Complaint and Certification of Patrick Seiler clearly demonstrate Defendant's breach of the ASA, Plaintiff's unequivocal right to remove its CWC Equipment in the event of an uncured breach, and Defendant's continued refusal to allow removal of the HBO Chamber in direct violation of the ASA and applicable law.  *See* Complaint (ECF No. 1); Seiler Cert. (May 9, 2022).  Restorix has established a prima facie case to its right to remove and obtain possession of the HBO Chamber, and has further demonstrated the probability that it will ultimately prevail on the underlying claim.  A Writ of Replevin is the appropriate legal remedy.

### IV.   CONCLUSION

For all of the foregoing reasons, Restorix respectfully requests that this Court grant its Motion for Writ of Replevin and award such other and further relief as it deems just and proper to facilitate the orderly removal and recovery of Plaintiff's property pending final judgment.

FIRM:56125615v2

                                      **EPSTEIN BECKER & GREEN, P.C.**
                                      Attorneys for Plaintiff
                                      Restorix Health, Inc.

                                      By: Christopher M. Farella

Dated: May 17, 2022