**FAZZIO LAW OFFICES**
John P. Fazzio, Esq.
John J. Boulton, Esq.
5 Marine View Plaza, Ste. 218
Hoboken, NJ 07030
Tel: (201) 529-8024
Fax: (201) 529-8011
*Attorneys for Defendant, Salem County Hospital*
*Corporation d/b/a Salem Medical Center*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RESTORIX HEALTH, INC., | Case No. 1:22-cv-02712-RBK-AMD |
| Plaintiff, | **ANSWER, SEPARATE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND** |
| v. | |
| SALEM COUNTY HOSPITAL CORPORATION d/b/a SALEM MEDICAL CENTER, | |
| Defendants. | |

Defendant, SALEM COUNTY HOSPITAL CORPORATION d/b/a SALEM MEDICAL CENTER ("Defendant"), by and through their undersigned counsel, Fazzio Law Offices, hereby submits the following Answer, Separate Defenses, Counterclaims, and Jury Demand, and in support thereof states as follows:

### THE PARTIES

1.   Defendant is without knowledge or information sufficient to form a reasonable belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies them.

2.    Defendant admits the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.    The allegations in Paragraph 3 of the Complaint are conclusions of law to which no response is required, and, accordingly, Defendant denies them.

4.    The allegations in Paragraph 4 of the Complaint are conclusions of law to which no response is required, and, accordingly, Defendant denies them.

## FACTS COMMON TO ALL COUNTS

5.    Defendant admits the allegations contained in Paragraph 5 of the Complaint to the extent that Plaintiff and Defendant entered into an Administration Services and Professional Staff Agreement ("Agreement" or "ASA") on or about March 1, 2019. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

6.    The allegations contained in Paragraph 6 of the Complaint recite alleged provisions of the ASA to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must

be incorporated by reference where their provisions are specifically referenced in the Complaint.

7.    The allegations contained in Paragraph 7 of the Complaint recite alleged provisions of the ASA to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

8.    The allegations contained in Paragraph 8 of the Complaint recite alleged provisions of the ASA to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

9.    The allegations contained in Paragraph 9 of the Complaint recite alleged provisions of the ASA to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must

be incorporated by reference where their provisions are specifically referenced in the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint recite alleged provisions of the ASA to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

11. The allegations contained in Paragraph 11 of the Complaint recite alleged provisions of the ASA to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint recite alleged provisions of the ASA to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must

be incorporated by reference where their provisions are specifically referenced in the Complaint.

13.  The allegations contained in Paragraph 13 of the Complaint recite alleged provisions of the First Amendment to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the First Amendment or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

14.  The allegations contained in Paragraph 14 of the Complaint recite alleged provisions of the ASA and First Amendment to which no response is required. To the extent  that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement, First Amendment, or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

15.  The allegations contained in Paragraph 15 of the Complaint recite alleged provisions of the ASA and First Amendment to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in

the Agreement, First Amendment, or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

**PLAINTIFF'S ALLEGATIONS THAT DEFENDANT HAS BREACHED THE ASA**

16.   Defendant denies the allegations contained in Paragraph 16 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement, First Amendment, or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

17.   Defendant denies the allegations contained in Paragraph 17 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement, First Amendment, or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

18.   Defendant denies the allegations contained in Paragraph 18 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement, First Amendment, or annexed documents, those documents speak for

themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

19.   The allegations contained in Paragraph 19 of the Complaint recite alleged provisions of the Breach Notice to which no response is required. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement, Breach Notice, or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

20.   Defendant denies the allegations contained in Paragraph 20 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

21.   The allegations contained in Paragraph 21 of the Complaint recite alleged provisions of the Breach Notice to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the

Agreement, Breach Notice, or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

22.  The allegations contained in Paragraph 22 of the Complaint recite alleged provisions of the ASA to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

23.  The allegations contained in Paragraph 23 of the Complaint recite alleged provisions of the Breach Notice to which no response is required. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Breach Notice or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

24.  The allegations contained in Paragraph 24 of the Complaint recite alleged provisions of the Termination and Demand Notice to which no response is required. Defendant denies the

remaining allegations contained in Paragraph 24 of the Complaint. Specifically, Defendant denies that Plaintiff has the right to terminate the parties' Agreement. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Termination and Demand Notice or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

25.   The allegations contained in Paragraph 25 of the Complaint recite alleged provisions of the ASA to which no response is required. Defendant denies the remaining allegations contained in Paragraph 25 of the Complaint. Specifically, Defendant denies that Plaintiff has the right to terminate the parties' Agreement. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Termination and Demand Notice or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

26.   Defendant denies the allegations contained in Paragraph 26 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required.

27.   Defendant denies the allegations contained in Paragraph 27 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required.

### PLAINTIFF'S ALLEGATIONS THAT DEFENDANT HAS SOLICITED RESTORIX'S EMPLOYEES

28.   Defendant denies the allegations contained in Paragraph 28 of the Complaint. As to the allegations contained in Paragraph 28 of the Complaint that recite alleged provisions of the ASA, no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

29.   The allegations contained in Paragraph 29 of the Complaint recite alleged provisions of the ASA to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

30.   Defendant denies the allegations contained in Paragraph 30 of the Complaint. To the extent that this Paragraph calls for

a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

### THE CWC EQUIPMENT

31.   Defendant denies the allegations contained in Paragraph 31 of the Complaint. Specifically, Defendant denies that Plaintiff has the right to remove the CWC Equipment from the CWC Facility. As to the allegations contained in Paragraph 31 of the Complaint that recite alleged provisions of the ASA, no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

32.   The allegations contained in Paragraph 32 of the Complaint recite alleged provisions of the ASA to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must

be incorporated by reference where their provisions are specifically referenced in the Complaint.

33. The allegations contained in Paragraph 33 of the Complaint recite alleged provisions of the ASA to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint. Specifically, Defendant denies that Plaintiff has the right to remove the CWC Equipment from the CWC Facility. To the extent that this Paragraph calls for a legal conclusion, no response is required.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint. Specifically, Defendant denies that Plaintiff has the right to remove the CWC Equipment from the CWC Facility. To the extent that this Paragraph calls for a legal conclusion, no response is required.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint. Specifically, Defendant denies that Plaintiff has the right to remove the CWC Equipment from the CWC Facility.

To the extent that this Paragraph calls for a legal conclusion, no response is required.

37.  Defendant denies the allegations contained in Paragraph 37 of the Complaint. Specifically, Defendant denies that Plaintiff has the right to remove the CWC Equipment from the CWC Facility. To the extent that this Paragraph calls for a legal conclusion, no response is required.

38.  Defendant denies the allegations contained in Paragraph 38 of the Complaint. Specifically, Defendant denies that Plaintiff has the right to remove the CWC Equipment from the CWC Facility. To the extent that this Paragraph calls for a legal conclusion, no response is required.

## COUNT I
### (Breach of Contract)

39.  Defendant repeats and re-alleges each of the preceding paragraphs as if set forth fully herein.

40.  The allegations in Paragraph 40 of the Complaint are conclusions of law to which no response is required, and, accordingly, Defendant denies them.

41.  Defendant denies the allegations contained in Paragraph 41 of the Complaint. As to the allegations contained in Paragraph 41 of the Complaint that recite alleged provisions of the ASA, no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that

this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint. As to the allegations contained in Paragraph 43 of the Complaint that recite alleged provisions of the ASA, no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint with prejudice, in addition to an award of attorneys' fees, litigation expenses, costs of suit and other such relief as the Court may deem just and proper.

<u>**COUNT II**</u>
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

45. Defendant repeats and re-alleges each of the preceding paragraphs as if set forth fully herein.

46. The allegations in Paragraph 46 of the Complaint are conclusions of law to which no response is required, and, accordingly, Defendant denies them.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint. Specifically, Defendant denies that Plaintiff has the right to remove the CWC Equipment from the CWC Facility. To the extent that this Paragraph calls for a legal conclusion, no response is required.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint with prejudice, in addition to an award of attorneys' fees, litigation expenses, costs of suit and other such relief as the Court may deem just and proper.

<u>**COUNT III**</u>
**(Account Stated)**

49.   Defendant repeats and re-alleges each of the preceding paragraphs as if set forth fully herein.

50.   The allegations in Paragraph 50 of the Complaint are conclusions of law to which no response is required, and, accordingly, Defendant denies them.

51.   Defendant denies the allegations contained in Paragraph 51 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

52.   Defendant denies the allegations contained in Paragraph 52 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint with prejudice, in addition to an award of attorneys' fees, litigation expenses, costs of suit and other such relief as the Court may deem just and proper.

## COUNT IV
### (Breach of Contract)

53.   Defendant repeats and re-alleges each of the preceding paragraphs as if set forth fully herein.

54.   The allegations in Paragraph 54 of the Complaint are conclusions of law to which no response is required, and, accordingly, Defendant denies them. To the extent that this Paragraph calls for a legal conclusion, no response is required.

55.   The allegations in Paragraph 55 of the Complaint are conclusions of law to which no response is required, and, accordingly, Defendant denies them. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

56.   Defendant denies the allegations contained in Paragraph 56 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint with prejudice, in addition to an award of attorneys' fees, litigation expenses, costs of suit and other such relief as the Court may deem just and proper.

<u>COUNT V</u>
(Replevin, N.J.S.A. 2B:50-1)

57.  Defendant repeats and re-alleges each of the preceding paragraphs as if set forth fully herein.

58.  The allegations in Paragraph 58 of the Complaint are conclusions of law to which no response is required, and, accordingly, Defendant denies them. As to the allegations contained in Paragraph 58 of the Complaint that recite alleged provisions of the ASA, no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

59.  The allegations in Paragraph 59 of the Complaint are conclusions of law to which no response is required, and, accordingly, Defendant denies them. Defendant admits the allegations contained in Paragraph 59 of the Complaint to the extent that the Hyperbaric Chamber is located at Defendant's facility. To the extent that this Paragraph calls for a legal conclusion, no response is required.

60.  Defendant denies the allegations contained in Paragraph 60 of the Complaint. Specifically, Defendant denies that Plaintiff has the right to terminate the parties' Agreement and the right to

18

remove the CWC Equipment from the CWC Facility. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

61.  The allegations contained in Paragraph 61 of the Complaint recite alleged provisions of the ASA to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

62.  The allegations contained in Paragraph 62 of the Complaint recite alleged provisions of the ASA to which no response is required. To the extent that this Paragraph calls for a legal conclusion, no response is required. To the extent that this Paragraph recites the content or provisions in the Agreement or annexed documents, those documents speak for themselves and must be incorporated by reference where their provisions are specifically referenced in the Complaint.

63.   Defendant denies the allegations contained in Paragraph 63 of the Complaint. To the extent that this Paragraph calls for a legal conclusion, no response is required.

64.   Defendant denies the allegations contained in Paragraph 64 of the Complaint. Specifically, Defendant denies that Plaintiff has the right to remove the CWC Equipment from the CWC Facility. To the extent that this Paragraph calls for a legal conclusion, no response is required.

65.   The allegations in Paragraph 65 of the Complaint are conclusions of law to which no response is required, and, accordingly, Defendant denies them. To the extent that this Paragraph calls for a legal conclusion, no response is required.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint with prejudice, in addition to an award of attorneys' fees, litigation expenses, costs of suit and other such relief as the Court may deem just and proper.

<u>**SEPARATE DEFENSES**</u>

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendants, by and through its undersigned attorneys state the following Separate Defenses:

**FIRST SEPARATE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's Complaint is barred because Plaintiff's claims were caused as a result of their own acts or omission, or the acts or omissions of third parties over whom Defendants had no control.

### THIRD SEPARATE DEFENSE

Plaintiff's Complaint is barred by the doctrines of release and waiver.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred or diminished for failure to mitigate damages.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred or diminished as a result of its breach of contract.

### EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred or diminished as a result of its breach of the covenant of good faith and fair dealing.

### NINTH SEPARATE DEFENSE

Plaintiff's claims are barred or diminished as Defendant's conduct was not the proximate cause of Plaintiff's alleged damages.

### TENTH SEPARATE DEFENSE

Plaintiff's suit is barred by the doctrines of laches and estoppel.

### ELEVENTH SEPARATE DEFENSE

Plaintiff's suit is barred as a result of Plaintiff's charges for services not authorized by Defendants.

### TWELFTH SEPARATE DEFENSE

Plaintiff's claims are barred or diminished by the doctrines of impossibility, impracticability and frustration of purpose due to COVID-19.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred as Plaintiff is not entitled to replevin pursuant to N.J.S.A. 2B:50-1.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Agreement is unconscionable.

### <u>RESERVATION OF RIGHTS</u>

Defendant reserve the right to amend this answer and to assert additional defenses and/or supplement, alter or change the answer upon completion of appropriate investigation and discovery.

**COUNTERCLAIMS AGAINST PLAINTIFF/COUNTERCLAIM DEFENDANT,
RESTORIX HEALTH, INC. ("Restorix")**

**FIRST COUNT**
**(Breach of Contract)**

1.    Defendant/Counterclaim Plaintiff, Salem County Hospital Corporation d/b/a Salem Medical Center ("Salem") repeats and incorporates each and every response set forth in the preceding paragraphs of this Answer with the same force and effect as if each were fully set forth at length herein.

2.    Restorix and Salem entered into an Administrative Services and Professional Staff Agreement dated on or about March 1, 2019 (the "Agreement").

3.    Therein, specifically in Section 4.4 titled "Standard of Performance" the Agreement states in pertinent part that, "Operator shall assist Hospital in monitoring the Treatment rendered at the CWC Facility, report any Treatment information and data required for Hospital to administer its compliance program and consult with Hospital regarding performance improvement measures for the CWC Facility."

4.    Additionally, in Section 4.12 titled "Quality and Standard of Performance Measures" the Agreement states in pertinent part that, "the Parties shall discuss and use best efforts to agree on quality and standard of performance measures for the CWC Facility, for the following year from the Effective Date, as ultimately determined in the Hospital's sole discretion."

5.     Moreover, in Section 8.2 titled "Advertising and Community Education" the Agreement states in pertinent part that, "Hospital agrees to provide Operator with the following information for Operator to use to advertise and promote the CWC Facility . . . ." Additionally, Section 8.2(B) states in pertinent part that, "the Parties will agree to the particulars of an advertising and community education program (the "Awareness Program"). Such agreement will include pre- and post-opening community education and advertising initiatives specific to the CWC prior to and during its initial year of operation. Items in the Awareness Program may include, but are not limited to (and by way of example), brochures, flyers, handouts and print advertisements for inclusion in various local media, press releases, testimonials, letters from the CWC Medical Director and System chief executive and chief operating officers. The Parties agree to review the Awareness Program implementation on a regular basis throughout the year, such review dates to be established by the Parties, to determine the results of various initiatives."

6.     Restorix materially breached the Agreement by, among other things, failing to assist Salem and report treatment information and data required for Hospital to administer its compliance program and failed to consult with Salem regarding performance improvement measures for the CWC Facility.

7.   Restorix materially breached the Agreement, by, among other things, failing to discuss with Salem and failing to use its on quality and standard of performance measures for the CWC Facility.

8.   Restorix materially breached the Agreement, by, among other things, failing to advertise and promote the CWC Facility in accordance with the Agreement.

9.   Restorix materially breached the Agreement, by, among other things, failing to work with Salem to advertise and promote the Awareness Program through brochures, flyers, handouts and print advertisements for inclusion in various local media, press releases, testimonials, letters from the CWC Medical Director and System chief executive and chief operating officers.

10.  As a direct and proximate result of Restorix's material breaches of the Agreement, Salem has suffered damages in an amount to be determined at trial.

**WHEREFORE,** Salem demands that judgment be entered against Restorix for the full amount of damages, which include, without limitation, compensatory, consequential, and incidental damages, attorneys' fees, expert fees, litigation expenses, pre-judgment and post-judgment interest, and for such other and further relief in favor of Salem and against Restorix as the Court may deem just and proper.

**SECOND COUNT**

25

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

11.   Salem repeats and incorporates each and every response set forth in the preceding paragraphs of this Answer with the same force and effect as if each were fully set forth at length herein.

11.   The Agreement between Restorix and Salem contains an implied covenant of good faith and fair dealing.

12.   Thus, Restorix was required to perform its obligation under the Agreement in accordance with the implied covenant of good faith and fair dealing.

13.   Restorix's improper and wrongful conduct as stated herein has deprived Salem of the fruits and benefits of their bargain and constitutes a breach of the implied covenant of good faith and fair dealing.

14.   As a result of Restorix's breach of the implied covenant of good faith and fair dealing, Salem has been harmed and damaged in an amount to be determined at trial.

**WHEREFORE,** Salem demands that judgment be entered against Restorix for the full amount of damages, which include, without limitation, compensatory, consequential, and incidental damages, attorneys' fees, expert fees, litigation expenses, pre-judgment and post-judgment interest, and for such other and further relief in favor of Salem and against Restorix as the Court may deem just and proper.

### THIRD COUNT

**(Declaratory Judgment Reforming the Unconscionable Agreements to Strike the Right of Repossession/Replevin of Life-Saving Medical Equipment to Prevent Manifest Injustice and Preserve Human Lives)**

15.   Salem repeats and re-alleges each of the preceding paragraphs as if set forth fully herein.

16.   Restorix is seeking replevin/repossession of one (1) Sigma 34 Hyperbaric Oxygen Chamber, Serial No. 320747 (the "medical equipment").

17.   The medical equipment allows the body to breathe in pure oxygen in air pressure levels 1.5 to 3 times higher than average to fill the blood with enough oxygen to repair tissues, restore normal body functions, and to speed up healing of wounds that won't heal and infections in which tissues are starved for oxygen.[1]

18.   Moreover, the medical equipment helps break the cycle of swelling, oxygen starvation, and tissue death, helps prevent the clamping of blood vessels and stoppage of blood flow, and disables the toxins of certain bacteria to resist infection and improves the ability of white blood cells to find and destroy invaders. Id.

19.   Moreover, the medical equipment has been approved to treat burns, bone disease, carbon monoxide poisoning, cyanide poisoning, crush injuries, gas gangrene, decompression sickness, acute or traumatic reduced blood flow in the arteries, compromised

---

[1]      https://www.hopkinsmedicine.org/health/treatment-tests-and-therapies/hyperbaric-oxygen therapy#:~:text=HBOT%20aims%20to%20break%20the, have%20been%20deprived%20of%20oxygen.

skin grafts and flaps, bone infections, flesh-eating disease, air or gas bubbles trapped in blood vessels, chronic infection, and diabetic wounds.   Id.

20.   Therefore, the medical equipment is integral to the treatment and care of the Hospital's patients for life-compromising diseases and infections and as such, lives would be comprised if this machinery is repossessed by Plaintiff.

21.   Accordingly, the sections of the Agreement that allegedly permit Restorix to recover/repossess the life-saving medical equipment in the event of Defendant's default, which is disputed, specifically, Section 3.2, Section 9.5, Section 10.3(A), Section 10.5, and Section 13.9 of the Agreement, are unconscionable.

22.   "If the Court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." See N.J.S.A. 12A:2-302(1).

23.   Moreover, the commercial reasonableness determination of seeking repossession of collateral is a "flexible concept based upon a consideration of all relevant factors presented in each individual case." Security Sav. Bank, SLA v. Tranchitella, 249

N.J. Super. 234, 239 (App. Div. 1991); see also First Fidelity Acceptance v. Hutchins, 315 N.J. Super. 201, 204 (Law Div. 1998).

24. The law does not favor forfeiture and where appropriate a court in its discretion may refuse to enforce a contract provision calling for replevin. See Sovereign Bank, FSB v. Kuelzow, 297 N.J. Super. 187, 196 (App. Div. 1997); Carteret Props. v. Variety Donuts, Inc., 49 N.J. 116, 127 (1967).

25. Here, Restorix is seeking immediate repossession/ replevin of the life-saving medical equipment without providing significant notice that replevin was a possibility and has instead, filed a Motion for Replevin *before* Salem's time to file an Answer was due to be filed.

26. It would be inequitable to permit replevin under these circumstances, especially, as the life-saving medical equipment prevents serious life-compromising diseases and infections.

27. Therefore, Declaratory Judgment reforming the unconscionable Agreement to strike the right of repossession/replevin of life-saving medical equipment is necessary to prevent manifest injustice and preserve human lives.

**WHEREFORE,** Salem demands that judgment be entered against Restorix for Declaratory Judgment reforming the unconscionable Agreement to strike the right of repossession/replevin of life-saving medical equipment is necessary to prevent manifest injustice and preserve human lives and for such other and further

relief in favor of Salem and against Restorix as the Court may deem just and proper.

**FAZZIO LAW OFFICES**

By: /s/ John P. Fazzio
JOHN P. FAZZIO, ESQ.
*Attorneys for Defendant/*
*Counterclaimant,* Salem County
Hospital Corporation d/b/a
Dated: June 13, 2022          Salem Medical Center

## <u>DEMAND FOR JURY TRIAL</u>

Defendant, Salem County Hospital Corporation d/b/a Salem Medical Center requests a trial by jury on all issues so triable.

## <u>CERTIFICICATION PURSUANT TO LOCAL RULE 11.2</u>

I hereby certify that the matter in controversy is not the subject of any action pending in this Court or any other court, arbitration, or administrative proceeding.

**FAZZIO LAW OFFICES**

By: <u>/s/ John P. Fazzio</u>
JOHN P. FAZZIO, ESQ.
*Attorneys for Defendant/*
*Counterclaimant,* Salem County
Hospital Corporation d/b/a
Dated: June 13, 2022          Salem Medical Center

31