

| **Attorneys** | | **Legal Professionals** |
|---|---|---|
| John P. Fazzio, III ** | | Caitlin Gibbons # |
| John J. Boulton * | | Kimberly Protocollo ¶ |
| Anthony D. Dembia * | | Desiree Young ¢ |
| Zoltan Simon, II ᛭ | | |

**KEY**
** Also Member of NY & PA
᛭ Member of NY Only
* Member of NJ Only

**PLEASE SEND ALL CORRESPONDENCE TO HOBOKEN ADDRESS**

P: (201) 529-8024
F: (201) 529-8011
www.fazziolaw.com

**KEY**
# Chief Operating Officer
¶ Paralegal
¢ Billing Coordinator

**Hoboken Office**
5 Marine View Plaza
Ste. 218
Hoboken, NJ 07030

**New York Office**
305 Broadway
7th Floor, Suite 19
New York, NY 10007

July 13, 2022

**VIA E-FILE**
The Honorable Robert B. Kugler, U.S.D.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets,
Camden, NJ 08101

      RE:    **Restorix Health, Inc. v. Salem County Hospital Corp.**
               **Civil Action No: 1:22-cv-02712**
               **Opposition to Plaintiff's Motion for Writ of Replevin**

Dear Judge Kugler:

      As you are aware, our offices represent Defendant, Salem County Hospital Corp. ("Defendant"), in the above-referenced matter. Please accept this letter brief in lieu of a more formal submission as Opposition to Plaintiff's Motion for a Writ of Replevin.

      In short, (1) Plaintiff has not established a probability of Final Judgment pursuant to F.R.C.P. 64(a), N.J.S.A. 2B:50-1, N.J.S.A. 2B:50-2, and Rule 4:61-1; (2) Defendant has raised issues of material fact in its Answer with Affirmative Defenses and Counterclaims and Opposition to Plaintiff's Motion for Writ of Replevin, which needs to be fully adjudicated on the merits, including, but not limited to, Plaintiff failed to establish that an event of default occurred and the Agreements are unconscionable, specifically, the provisions stating Plaintiff is entitled to immediate repossession of the medical equipment; (3) replevin is not appropriate at this juncture as this matter is only in its infancy stages and no discovery has been served nor completed; and (4) Plaintiff has not established that repossessing the medical equipment is commercially reasonable.

      Therefore, based on the foregoing, and the arguments herein, Plaintiff's Motion for a Writ of Replevin must be denied in its entirety.

## II.     LEGAL ARGUMENT

### A.     LAW OF REPLEVIN

Under Federal Law, "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." See F.R.C.P. 64(a). Accordingly, under New Jersey law, replevin is governed by N.J.S.A. 2B:50-1, *et seq*. Pursuant to N.J.S.A. 2B:50-1, "[a] person seeking recovery of goods wrongly held by another may bring an action for replevin . . . If the person establishes the cause of action, the court shall enter an order granting possession."

Further, pursuant to N.J.S.A. 2B:50-2(a), the court may, prior to final judgment, "after notice and hearing, and based upon filed papers and testimony, if any . . . grant possession of the goods to the plaintiff" if it "finds a probability of final judgment for the plaintiff." See Gen. Elec. Capital Corp. v. Oncology Associates of Ocean Cty. LLC, No. CIV. 10-1971 AET, 2011 WL 6179255, at *4 (D.N.J. Dec. 12, 2011); see also Video Pipeline, Inc. v. Buena Vista Home Entm't Inc., 275 F. Supp. 2d 543, 576 (D.N.J. 2003). "Judgment is 'probable if it can be reasonably and fairly convincingly be accepted as true, factual, or possible without being undeniably so.'" Scaba v. JetSmarter, Inc., 2019 U.S. Dist. LEXIS 142511, *17, 2019 WL 3947510 (citing Sentry Ins. v. Sky Mgmt. Inc., 34 F. Supp. 2d 900, 905 (D.N.J. 1999) (quoting Fravega v. Sec. Say. & Loan Ass'n, 192 N.J. Super. 213 (Ch. Div. 1983))).

Pre-judgment attachment is "***an extraordinary remedy***, the availability of which is narrowly circumscribed by statute, [requiring] both the statute and the court rules proscribing the procedure for ***seeking pre-judgment attachment must be strictly construed***." Isr. Bank of N.Y. v. H.N. Int'l Grp., No. 16-6258, 2016 U.S. Dist. LEXIS 142444, 2016 WL 6023155, at *3, n.2 (D.N.J.

2

Oct. 14, 2016 (quoting In re Estate of Balgar, 399 N.J. Super. 426 (Law Div. 2007) (emphasis added). Under New Jersey law, like a writ of replevin, a writ of attachment may issue only upon the court's finding that there is a probability that final judgment will be rendered in favor of the plaintiff. See R. 4:60-5.

Here, pursuant to F.R.C.P. 64(a), N.J.S.A. 2B:50-1, *et seq.*, N.J.S.A. 2B:50-2(a), and R. 4:61-1, Plaintiff is not entitled to replevin of the medical equipment as: (1) Plaintiff has not established a probability of Final Judgment pursuant to F.R.C.P. 64(a), N.J.S.A. 2B:50-1, N.J.S.A. 2B:50-2, and Rule 4:61-1; (2) Defendant has raised issues of material fact in its Answer with Affirmative Defenses and Counterclaims and Opposition to Plaintiff's Motion for Writ of Replevin, which needs to be fully adjudicated on the merits, including, but not limited to, Plaintiff failed to establish that an event of default occurred and the Agreements are unconscionable, specifically, the provisions stating Plaintiff is entitled to immediate repossession of the medical equipment; (3) replevin is not appropriate at this juncture as this matter is only in its infancy stages and no discovery has been served nor completed; and (4) Plaintiff has not established that repossessing the medical equipment is commercially reasonable.

### B. PLAINTIFF HAS NOT ESTABLISHED A PROBABILITY OF FINAL JUDGMENT IN ITS MOTION FOR WRIT OF REPLEVIN

Plaintiff has not established a probability of Final Judgment in its Motion for Writ of Replevin. Instead, in support of Plaintiff's argument that "Restorix has . . . demonstrated the probability that it will ultimately prevail on the underlying claim", Plaintiff asserts that "[t]he Complaint and Certification of Patrick Seiler clearly demonstrate" Plaintiff's right of replevin. See Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Replevin, Page 8.

This could not be further from the truth. In fact, Plaintiff's Motion for Writ of Replevin was filed on May 17, 2022, *before* Defendant's Answer to Plaintiff's Complaint was due to be

filed and was even filed *before* Defendant was served with Plaintiff's Complaint. As per the Affidavit of Service filed by Plaintiff on or about June 1, 2022, Defendant's representative was served on or about May 25, 2022. As such, Defendant's deadline to file its Answer was one or about June 15, 2022.[1] Accordingly, Defendant, through counsel, timely filed its Answer with Affirmative Defenses and Counterclaims on or about July 18, 2022, and vigorously set forth numerous defenses to Plaintiff's claims for damages and for possession of the equipment.

Therefore, Defendant's numerous defenses to Plaintiff's claims for damages and for possession of the equipment and Defendant's Counterclaims against Plaintiff involving Plaintiff's right of replevin need to be adjudicated, as Plaintiff has not established a probability that it will ultimately prevail on the underlying claim.

Moreover, Plaintiff argues "[a]s a result of Salem's breach, Restorix is entitled to remove its medical equipment from Salem's CWC Facility in accordance with the ASA" and relies on Section 10.3(A) and Section 10.5 of the ASA. See Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Replevin, Page 3. However, these sections of the ASA require a determination of a material breach of the ASA before permitting the ASA to be terminated and removal of property, and as such, a finding of a material breach must be found by this Court before Plaintiff can succeed on the merits, especially, since Defendant denies they material breached the ASA, and in fact, filed a Counterclaim against Plaintiff for materially breaching the ASA.

As will be discussed herein, Defendant denies that an event of default occurred and raises several issues of material fact which directly refute Plaintiff's right of replevin; Defendant is vigorously contesting Plaintiff's claims in this litigation. Absent a credible showing that Plaintiff

---

[1] To note, Defendant's deadline to file its Answer to Plaintiff's Complaint was extended to July 18, 2022.

4

will probably succeed on their claims in their litigation, which has not been shown, the Court simply cannot grant the requested writ of replevin.

      **C.    DEFENDANT HAS RAISED ISSUES OF MATERIAL FACT IN ITS ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS AND OPPOSITION TO PLAINTIFF'S MOTION FOR WRIT OF REPLEVIN WHICH <u>NEED TO BE FULLY ADJUDICATED ON THE MERITS</u>**

Defendant has raised issues of material fact in its Answer with Affirmative Defenses and Counterclaims and Opposition to Plaintiff's Motion for Writ of Replevin which need to be fully adjudicated on the merits.

      **1.    Plaintiff Failed to Establish that an Event of Default Occurred**

First and foremost, Defendant's Answer with Affirmative Defenses and Counterclaims denies that an event of default or material breach of the ASA occurred, which would allegedly entitle Plaintiff to replevin/repossession. Importantly, the Certification of Patrick Seiler, Chief Financial Officer of Plaintiff, (hereinafter the "Seiler Certification"), Plaintiff's Complaint, Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Replevin, and Plaintiff's Breach of Contract fail to even state the alleged specific date of default or material breach, but instead, baldly state "Salem had not paid Restorix any compensation for over ten (10) months." <u>See</u> Plaintiff's Complaint, ¶20. Obviously, the fact that this critical fact was left out of Plaintiff's submissions speaks volumes on why Plaintiff cannot prove that Defendant defaulted on the Agreements.

Moreover, the Seiler Certification is based entirely on hearsay, is wholly conclusory, and is without any proper support. Without proper support, including, but not limited to, symbiotic Certifications of Regional Director Nicholas Dominici and Restorix Dan Cohen, who allegedly have knowledge of Plaintiff's alleged attempts to remove the medical equipment from the

Hospital, the date of the alleged default, and the determination that Plaintiff did not default under the ASA, Plaintiff is unable to establish the occurrence of an event of default under the ASA, a necessary precondition to any replevin or repossession relief sought. See generally Isr. Disc. Bank of N.Y. v. H.N. Int'l Group, Inc., 2016 U.S. Dist. LEXIS 142444, *9. Additionally, Defendant should be permitted to depose Patrick Seiler, Nicholas Dominici, and Dan Cohen to explore their personal knowledge related to Plaintiff's right of replevin. Therefore, at this juncture, Plaintiff has failed to establish that an event of default occurred.

### 2. The Provisions in the Agreements stating Plaintiff is Entitled to Immediate Repossession of the Medical Equipment are Unconscionable

The provisions in the Agreement stating that Plaintiff is entitled to immediate repossession of the medical equipment is unconscionable. First and foremost, Defendant denies the allegations in Count V of Plaintiff's Complaint, which seeks Replevin. Moreover, Defendant raises Affirmative Defenses that Plaintiff's claims are barred as Plaintiff is not entitled to replevin pursuant to N.J.S.A. 2B:50-1 and that Plaintiff's claims are barred, in whole or in part, because the Agreement is unconscionable. See Defendant's Thirteenth and Fourteenth Affirmative Defense. Furthermore, Defendant's Answer with Affirmative Defenses and Counterclaims asserts a Counterclaim for Declaratory Judgment Reforming the Unconscionable Agreements to Strike the Right of Repossession/Replevin of Life-Saving Medical Equipment to Prevent Manifest Injustice and Preserve Human Lives. See Defendant's Third Counterclaim.

Due to the life-saving nature of the equipment involved in the Agreement, any immediate replevin or repossession, would manifest injustice and endanger human life, as these remedies are unconscionable. The determination of seeking repossession of collateral is a "flexible concept based upon a consideration of all relevant factors presented in each individual case." Security Sav.

Bank, SLA v. Tranchitella, 249 N.J. Super. 234, 239 (App. Div. 1991); see also First Fidelity Acceptance v. Hutchins, 315 N.J. Super. 201, 204 (Law Div. 1998). Accordingly, "[i]f the Court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." See N.J.S.A. 12A:2-302(1).

Here, the Agreement's default remedies, specifically, Section 9.5, Section 10.3(A), and Section 10.5 of the Agreement are unconscionable. The unique nature of the medical equipment renders replevin/repossession an unacceptable and inequitable remedy under these circumstances. The law does not favor forfeiture, and where appropriate a court in its discretion may refuse to enforce a contract provision calling for replevin. See Sovereign Bank, FSB v. Kuelzow, 297 N.J. Super. 187, 196 (App. Div. 1997); Carteret Props. v. Variety Donuts, Inc., 49 N.J. 116, 127 (1967). As stated above, New Jersey strongly encourages a case-by-case determination of replevin, specifically, to ensure that situations such as this, where replevin would endanger health and safety, are avoided in accordance with public policy.

The medical equipment is an integral part of the treatment and care of the Hospital's patients for life-compromising diseases and infections, and without such would compromise many lives. The medical equipment allows the body to breathe in pure oxygen in air pressure levels 1.5 to 3 times higher than average to fill the blood with enough oxygen to repair tissues, restore normal body functions, and speed up the healing of wounds that won't heal and infections in which tissues are starved for oxygen. Moreover, the medical equipment helps break the cycle of swelling, oxygen starvation, and tissue death, helps prevent the clamping of blood vessels and stoppage of blood flow, disables the toxins of certain bacteria to resist infection and improves the ability of white

blood cells to find and destroy invaders. Furthermore, the medical equipment aids in the recovery and healing of more than a dozen serious medical conditions, including chronic illnesses, diseases and burns. Therefore, the life-saving medical equipment is integral to the health and life-saving process of many patients at the Hospital, and it is almost certain that lives would be comprised if this machinery is repossessed by Plaintiff.

Simply, it would be unjust and inequitable to permit Plaintiff immediate repossession and replevin under these circumstances, where the collateral in question is life-saving medical equipment necessary to the safety of operating room Hospital staff and patients. Therefore, Defendant's Answer and Affirmative Defenses and Counterclaims pertaining to the unconscionability of the Agreement must be fully adjudicated on the merits as a matter of law before Plaintiff's Motion for Replevin can be addressed.

### D. REPLEVIN IS NOT APPROPRIATE AT THIS JUNCTURE, AS THIS MATTER IS ONLY IN ITS INFANCY STAGES AND NO DISCOVERY HAS BEEN SERVED NOR COMPLETED.

Replevin is not appropriate at this juncture, as this matter is only in its infancy stages and no discovery has been served nor completed. As the Scaba Court properly concluded based of its procedural history, which is the same procedural history in this matter, "[t]he present matter is only in its initial stages and no discovery has been completed. Therefore, like the court in Pricaspian, the Court is unable to determine at this juncture the likelihood of Plaintiff's success." Scaba v. JetSmarter, Inc., 2019 U.S. Dist. LEXIS 142511, *18, 2019 WL 3947510.

As per the Affidavit of Service filed by Plaintiff on or about June 1, 2022, Defendant's representative was served on or about May 25, 2022, with the Summons and Complaint. As such, Defendant was made aware of Plaintiff's cause of action for replevin less than two (2) months ago. Moreover, Plaintiff's Motion for Writ of Replevin was filed on or about May 17, 2022, about one

8

(1) month ago. Clearly, any purported knowledge by Defendant that Plaintiff could be granted permission to repossess the medical equipment has not been immediate and the instantaneous removal of the medical equipment would be severe, and irreversible. But see Gen. Elec. Capital Corp. v. Oncology Associates of Ocean Cty. LLC, No. CIV. 10-1971 AET, 2011 WL 6179255, at *19 (D.N.J. Dec. 12, 2011) (holding that replevin was appropriate when repossession has been anything but immediate, the motion for replevin was filed over eighteen (18) months ago, and Defendant knew since that time that Plaintiff could be granted permission to repossess the medical devices and could have accounted for such a contingency.

Moreover, no discovery has been served nor completed in this matter. Furthermore, as a practical matter, Plaintiff has not filed a responsive pleading to Defendant's Counterclaims and their deadline to respond is August 8, 2022, which is one (1) week *after* the return date of Plaintiff's Motion for Writ of Replevin, which is returnable August 1, 2022. As it stands, Defendant's Counterclaims have not been refuted, to date. Therefore, replevin is not appropriate at this juncture, as this matter is only in its infancy stages and no discovery has been served nor completed.

### E.   PLAINTIFF HAS NOT ESTABLISHED THAT REPOSSESSING THE MEDICAL EQUIPMENT IS COMMERCIALLY REASONABLE.

Plaintiff has not established that repossessing the medical equipment is commercially reasonable. "When dealing with repossession, New Jersey courts have found that where the cost of repossessing collateral and preparing same for sale likely exceeds the price the secured party will obtain in selling the collateral, repossessing the collateral may not be commercially reasonable." Gen. Elec. Capital Corp. v. Oncology Associates of Ocean Cty. LLC, No. CIV. 10-1971 AET, 2011 WL 6179255, at *18 (D.N.J. Dec. 12, 2011) (citing First Fidelity Acceptance v. Hutchins, 315 N.J. Super. 201 (N.J. Super. Ct. Law Div. 1998).

9

Here, the valuation of the collateral, the medical equipment, is unknown. Plaintiff baldly argues that "the Court act on our application immediately and order Salem to make the HBO Chamber available for immediate retrieval." See Seiler Certification, ¶27. However, no appraisal report, expert report, accounting, financial summary, nor other reports or documents related to the value of the medical equipment has been provided by Plaintiff. The parties should be afforded the right to explore the value of the HBO Chamber in discovery to determine if repossession of the collateral is commercially reasonable.

Simply, the value of the medical equipment is a question of material fact that has not been answered. As to the "proofs" presented, Plaintiff has not offered any sufficient evidence to establish that the medical equipment would have substantial value if removed or that the cost of repossessing the medical equipment and preparing same for sale will likely exceed the price Plaintiff will obtain in selling the medical equipment; discovery is needed to determine if replevin of the medical equipment is commercially reasonable. Therefore, it is evident that Plaintiff has not established that repossessing the medical equipment is commercially reasonable.

### III.   CONCLUSION

For the reasons stated herein, Plaintiff's Motion for a Writ of Replevin must be denied in its entirety and this case must proceed to discovery.

**FAZZIO LAW OFFICES**

By: /s/ John P. Fazzio
JOHN P. FAZZIO, ESQ.
*Attorneys for Defendant, Salem County Hospital Corp.*

Dated: July 13, 2022