## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RESTORIX HEALTH, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SALEM COUNTY HOSPITAL CORPORATION, <br><br> Defendants. | Civil Action No. <br> 1:22−cv−02712−RBK−AMD <br><br><br> **JOINT DISCOVERY PLAN** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   **Attorneys for Plaintiff Restorix Health, Inc.:**

   Christopher M. Farella, Esq.
   Steven T. Passarella, Jr., Esq.
   EPSTEIN BECKER & GREEN, P.C.
   875 Third Avenue
   New York, New York 10022
   (212) 351-4500 (Telephone)
   (212) 878-8600 (Facsimile)

   **Attorneys for Defendant Salem County Hospital Corporation:**

   John P. Fazzio, Esq.
   John J. Boulton, Esq.
   FAZZIO LAW OFFICES
   5 Marine View Plaza, Ste. 218
   Hoboken, NJ 07030
   (201) 529-8024 (Telephone)
   (201) 529-8011 (Facsimile)

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   **Plaintiff's Position:**

Plaintiff Restorix Health, Inc. ("Restorix") filed this Complaint due to the failure of Defendant Salem County Hospital Corporation ("Salem") to honor its obligations to Restorix as set forth in the parties Administrative Services and Professional Staff Agreement (the "Agreement"). Specifically, Salem has failed to pay for services provided and owes Restorix an outstanding balance of $582,315.18. Furthermore, pursuant to the terms of the Agreement, Restorix is entitled to promptly remove all of its property from Salem's facility and Salem is prohibited from taking any action to encumber any equipment or property of Restorix. Restorix maintains that it is the lawful owner of the Sigma 34 Hyperbaric Chamber ("HBO Chamber") and is entitled to have it promptly returned. Plaintiff asserts causes of action for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Account Stated, and Replevin.

**Defendant's Position:**.

Defendant, Salem County Hospital Corporation ("Salem") filed its Answer, Affirmative Defenses, and Counterclaims disputing that Salem failed to pay for services in the amount alleged in the Complaint and disputing that Restorix is entitled to replevin of the Sigma 34 HBO Chamber. Moreover, Salem filed Counterclaims against Restorix for failing to comply with its obligations pursuant to the Agreement, specifically, failing to assist Salem and report treatment information and data required for Salem to administer its compliance program, failing to consult with Salem regarding performance improvement measures for the CWC Facility, failing to use Salem's on quality and standard of performance measures for the CWC Facility, failing to advertise and promote the CWC Facility, and failing to work with Salem to advertise and promote the Awareness Program. Furthermore, Salem seeks declaratory judgment reforming the unconscionable Agreement to prohibit Restorix repossessing the HBO chamber due its life-saving nature. Salem asserts Counterclaims against Restorix for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Declaratory Judgment Reforming the Unconscionable Agreements to Strike the Right of Repossession/Replevin of Life-Saving Medical Equipment to Prevent Manifest Injustice and Preserve Human Lives.

3. Have settlement discussions taken place? Yes**.**

   What was plaintiff's last demand?
   Monetary demand:
   Non-monetary demand: **Dismissal of Salem's counterclaims and return of the HBO Chamber.**

   What was defendant's last offer?
   Monetary offer: **43% of the outstanding invoices confirmed due and owing by Salem.**
   Non-monetary offer:

4. The parties **have** met pursuant to Fed. R. Civ. P. 26(f).

5. The parties **have not** exchanged the information required by Fed. R. Civ. P. 26(a)(1).

    **The parties propose to exchange this information in accordance with the schedule set forth below.**

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).  **None.**

7. The parties **have not** filed disclosures of third–party litigation funding.

8. The parties **have not** conducted discovery other than the above disclosures.

9. Proposed joint discovery plan:

    (a)    The parties agree that discovery is needed on the following areas:

- Negotiation and execution of the Agreement;
- Communications between Plaintiff and Defendant regarding performance under the Agreement;
- Communications and documents related to any and all disputes under the Agreement;
- Any and all payments made under the Agreement;
- Any and requests for payment/reasons for nonpayment;
- Services provided under the Agreement;
- Documents related to any mitigation of damages;
- Proof of damages;

Salem also anticipates the need for discovery on the topics listed below.  Restorix reserves the right at the appropriate time to object to this discovery.

- The fair market value of the Sigma 34 HBO Chamber;
- An analysis of the treatment and care the Sigma 34 HBO Chamber provides to patients.

(b) Discovery **should not** be conducted in phases or be limited to particular issues.

(c) Proposed schedule:

    (1) Fed. R. Civ. P. 26 Disclosures: **August 23, 2022**.

    (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): **TBD.**

        (3) Service of initial written discovery: September **23, 2022.**

        (4) Maximum of **15** Interrogatories by each party to each other party.

        (5) Maximum of **5** depositions to be taken by each party.

        (6) Motions to amend or to add parties to be filed by **November 11, 2022**.

        (7) Factual discovery to be completed by **January 31, 2023**.

        (8) Plaintiff's expert report due on **February 15, 2023**.

        (9) Defendant's expert report due on **March 17, 2023**.

        (10) Expert depositions to be completed by **April 3, 2023**.

        (11) Dispositive motions to be filed by **May 3, 2023**.

    (d) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: **N/A.**

    (e) A pretrial conference may take place **at the Court's convenience.**

    (f) Trial by jury or non-jury trial? **Non-jury trial.**

    (g) Trial Date: **May 2023.**

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? **No.**

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? **No.**

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc. **TBD. If necessary, the parties will negotiate and submit to the Court for approval an ESI protocol.**

12. Do you anticipate the entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S. **Not at this time. However, depending on the content of the parties' discovery requests, the parties reserve the right to enter into a discovery confidentiality order pursuant to which certain information may be produced.**

13. Do you anticipate any discovery problem(s) not listed above? Describe. **No.**

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or

dispositive motions, etc.). **This case is not appropriate for voluntary arbitration. Both parties are amenable to early mediation pursuant to Local Civil Rule 301.1.**

15. Is this case appropriate for bifurcation? **No.**

16. Any interim status/settlement conference (with clients in attendance), should be held **at the court's convenience.**

17. We **do** consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.

    **Restorix intends to address scheduling a time to hear its replevin motion. Restorix believes there are grounds for this to be heard before discovery continues. Salem believes that the replevin motion should be scheduled after the close of discovery for the grounds stated in its Opposition to Plaintiff's Motion for Replevin.**

| | |
|---|---|
| s/Christopher M. Farella | s/John P. Fazzio |
| Christopher M. Farella, Esq. | John P. Fazzio, Esq. |
| Steven T. Passarella, Jr., Esq. | John J. Boulton, Esq. |
| EPSTEIN BECKER & GREEN, P.C. | Fazzio Law Offices |
| 875 Third Avenue | 5 Marine View Plaza, Ste. 218 |
| New York, New York 10022 | Hoboken, NJ 07030 |
| (212) 351-4500 (Telephone) | (201) 529-8024 (Telephone) |
| (212) 878-8600 (Facsimile) | (201) 529-8011 (Facsimile) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Restorix Health, Inc | Salem County Hospital Corp. |

Dated: August 11, 2022